IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOEY JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 116-067 |
| DOCTOR URLICH, Augusta State Medical Prison, | ) ) ) ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

Plaintiff filed the above-captioned case on February 8, 2016. (Doc. no. 1.) On June 29, 2016, the District Court of the Middle District of Georgia granted Plaintiff IFP and transferred the case to the Southern District. (Doc. no. 7.) On September 21, 2016, this Court screened Plaintiff's complaint, finding it arguably stated claims for relief and ordering the United States Marshals to commence service upon Defendant. (Doc. no. 10.) Plaintiff's service copy of the September 21st Order was returned as undeliverable because Plaintiff was released September 20, 2016. (Doc. no. 11.) Plaintiff has not informed the Court of his new address since his release and the Court is now saddled with a stagnant case in which no

communication with Plaintiff is possible.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Furthermore, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Here, Plaintiff's failure to update his address or indicate that he wishes to pursue this case amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Further, the lack of an updated mailing address leaves the Court with no way to communicate with Plaintiff. Consequently, a dismissal without prejudice is appropriate.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA